UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CRUZ FLORES,** | Civil Action No. 22-1010 (SRC) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**IT APPEARING THAT:**

1. On December 20, 2016, this Court entered a judgment of conviction sentencing Petitioner, Cruz Flores, to life imprisonment following his conviction on murder and racketeering charges. (Docket No. 13-615 at ECF No. 543.) Petitioner filed an appeal, but the Third Circuit affirmed his conviction and sentence by way of an opinion issued on October 16, 2019. (Docket No. 13-615 at ECF Nos. 606, 608.) Petitioner did not file a petition for certiorari. (ECF No. 3 at 2.)

2. Over two years later, on January 23, 2022, Petitioner filed a motion to vacate sentence in this matter. (ECF No. 1.) Although this Court administratively terminated that motion for failure to use the required form (*see* ECF No. 2), Petitioner filed an amended motion to vacate sentence on the required form. (ECF No. 3.)

3. On April 7, 2022, this Court screened Petitioner's amended motion and entered an order directing him to show cause why his petition should not be dismissed as untimely. (ECF No. 4.) As this Court explained in that order,

> Motions to vacate sentence are subject to a one year statute of limitations which in most cases, including this one, runs from the date on which the petitioner's conviction becomes final with the

1

>    conclusion of direct review including the time for filing a petition for certiorari. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). Petitioner's one-year limitations period thus began to run on January 14, 2020, when his time for the filing of a petition for certiorari expired. His one-year limitations period thus expired one year later in January 2021 absent some basis for equitable tolling. Petitioner's claims thus appear to be time barred by well over a year.
>
>    Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).
>
>    In his motion to vacate sentence, Petitioner does not argue any basis for equitable tolling, and this Court perceives no basis for more than a year's worth of tolling from the facts of this matter. Absent some other basis to avoid the statute of limitations, Petitioner's amended motion would be time barred.

(*Id.* at 2-3, paragraph numbers omitted.) Because it clearly appeared from the face of the amended motion that Petitioner's motion was well and truly time barred, this Court directed Petitioner to show cause within forty-five days why his petition should not be dismissed with prejudice as time barred. (*Id.* at 4.) This Court also explicitly informed Petitioner that failure to respond to the Order would result in his amended motion being dismissed with prejudice as time barred. (*Id.*)

4. Despite the passage of two months, Petitioner has failed to file a response to this Court's Order to Show Cause. As Petitioner's amended motion to vacate sentence is clearly untimely on

2

its face, and as Petitioner has utterly failed to set forth any basis for tolling, this Court must dismiss Petitioner's motion with prejudice as time barred.  *Dodd*, 545 U.S. at 357.

5.  Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   As jurists of reason would not debate that Petitioner's motion to vacate is clearly time barred or that Petitioner failed to any basis for equitable tolling, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

6.  In conclusion, Petitioner's amended motion to vacate sentence (ECF No. 3) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

          s/ Stanley R. Chesler
        Hon. Stanley R. Chesler,
        United States District Judge